Guys, the Illinois Appellate Court Fifth Division is now in session. The Honorable Justice Wayne W. Mitchell is residing. Good morning, folks. Please be seated. Okay, our case for this morning is Portage Park Capital v. A.L.L. Masonry Construction, et al. We're going to want 20 minutes aside with 5 minutes for rebuttal, so do your best to keep track of the time. Again, be sure when you step up to introduce yourselves so we have your name for the record. And with that, we'll begin with counsel for the appellant. So, Mr. Penrose? Yes. Good morning, Your Honor, and may it please the Court. Again, for the record, Craig Penrose representing Plaintiff Appellant Portage Park Capital. The critical question before this Court in this matter is whether arbitration is the proper venue for determination of whether a mechanics lien is statutorily valid. We present that the answer is no, because the Mechanics Lien Act, which is actually written into every construction contract, including Section 9 of the Mechanics Lien Act, indicates that the circuit court is the only place to determine enforcement and to determine lien validity. Therefore, the circuit court's decision was contrary to Section 9 in contract construction. Well, let me just ask. Sure. The only place you can ever enforce any judgment is in the circuit court, right? So, by definition, you go to arbitration, you get an award, and then you have to take that award to the circuit court to get a judgment on an award. I guess that happens in, you could say, a standard contract case. It has nothing to do with construction. It's a standard breach of contract case with an arbitration clause. The validity of the contract is determined by the arbitrator, and the arbitrator enters an award. And then the circuit court will enter judgment and then enforce that award. Why would this be? Why is this any different? Why would this be particularly problematic in the area of mechanics? Sure. And here's the issue. Section 9 says enforcement. It uses that word, is in the circuit court. And let me give you a… But enforcing any judgment is always in the circuit court. Correct. But here's the issue. Let's say that in this case, there's an award. We have the arbitration. We're waiting for the award from Judge Caruso. Let's say there's an award for a certain amount. But let's say they did not file a mechanics lien in time, and they didn't sue within the two years from the mechanics lien. They could enforce contractual liability, but they cannot enforce mechanics lien liability. And that's the nub of the entire case, is there's a great difference between a contract award, which we fully admit. The dollars and cents, that goes to arbitration. But the mechanics lien statutory validity, Section 9 and the Supreme Court over 100 years ago in O'Brien says, that's in the circuit court. And I just used one example, but there are many. For instance, let's say you have a contract with someone who's delivering furniture. Now, furniture, if you didn't pay him, you owe him, right? Arbitration. Okay, there's an arbitration. But under Section 1 of the Mechanics Lien Act, that is not lienable. So you could have a perfectly valid contract judgment that would get enforced. But as soon as you try and force a mechanics lien, that would go by wayside because the mechanics lien does not allow for enforcement of fixtures, if you will. And I can go further. For instance, if you're a subcontractor, you could have a valid contract, but if you didn't give your notice within 90 days, your mechanics lien is invalid. And kind of bringing it back to where we are today, our main argument was the amount, that's an arbitration. But here's the issue, is a sworn statement under Section 5 of the Mechanics Lien Act, this court and the second district say, it's got to be truthful. And that was a groveling of our complaint that based on the sworn statement, it says subcontractor contracts are X. And we pointed out in our declaratory judgment complaint, no, that's not true because the subcontracts themselves that were signed by the subcontractors and the general contractors say Y. But that's something different, isn't it, than procedural notice. Something different, contesting the fact that the change orders are somehow, whether false or not, correct. That's a different thing than the fact that notice wasn't given and so that there's some procedural defect in the lien that the court would be able to say, well, there isn't a lien here. The lien is invalid. That's a different thing, isn't it? The statutory requirements are both procedural and substantive. The city line case we cited, the pyramid case, saying if you don't have a sworn statement, period, that's the city line case, you have no lien. So that is a substantive issue that has to be decided. And the pyramid case out of the 2nd District says your sworn statement has to be true. And that was our point is all we're doing, when I look at the contract, we don't even really know what the numbers are. What we know is sworn statement says electrical contract, 500 grand. We look at the electrical contractor, it's not 500, it's 300. That's my point is the sworn statement has to be truthful. And we can get into all the reasons for that. But the pyramid case is clear. It says you've got to tell the truth on that thing. And we just used my objective evidence why it wasn't truthful. And if we pull back just a second, this is under the guise of a 2619. So the scope going into the complaint and the appeal is what we said on the page is true and makes a cause of action. So therefore, whether it's arbitrable, you look at what we allege, which is true. You can't dispute what we said as being true. And it makes a cause of action. And the only thing is some other matter. Wouldn't the arbitrator, after hearing both sides and someone raising the fact that there's a factual discrepancy between the amount of the lien and the amount of work that was actually performed, wouldn't the arbitrator be able to resolve that at arbitration? Why is that unique to what the circuit court of Cook County would be required to do?  The arbitrator would not be able to determine that there was some either error or some dishonesty in the statements that were made in the statement. Well, surely they could, but my point is that goes to contract liability. Sworn statement liability can only be decided by the circuit court in terms of … Whether or not the lien is valid, whether or not they give you a right to go in and foreclose on the property. My point in the declaratory judgment was you don't even know what the numbers are. All we're saying is a sworn statement says X. Some contractors have to say X and they didn't say X. Again, from 2619, that is true. So if we bring it back to … I guess I'm still struggling with this idea that this can't be decided by an arbitrator. And these are sophisticated parties. We have outstanding lawyers here representing them. Old friends from the commercial calendar. And this was entirely volitional. You didn't like the provision. You could have negotiated something else, right? We did negotiate, no question. And the provision says arising out of or relating to the contract. And my point, both in the circuit court and here, was no one's interpreting the contract. We're not saying or we are not saying subcontractor's value is actually X. What we're saying is general contractor says it's X, but they're saying it's Y. It's just got to be truthful. The actual amounts are to be determined in arbitration. And that goes back to what the language in the actual arbitration clause is arising out of or relating to the contract. So we cite as kind of our second argument that the but-for analysis, which it was clear that the circuit court kind of didn't kind of. They specifically said that, I quote what the circuit court said, But even if I don't have to interpret the terms of the contract, if it clearly arises out of the contract, which it clearly does, or is related to the contract, which I believe it is, then it has to go to arbitration. And we point out that that is directly in conflict with the O'Brien case, which is you've got to determine the statutory part of it in the circuit court. You can't challenge, and here's where maybe some of the confusion is, you can't challenge the number. So after arbitration, Judge Curcio is the arbitrator, says you owe X dollars. There's no way we can challenge this. I agree 100 percent. But we do challenge. We still can challenge whether the sworn statement is correct, whether they filed correctly. In terms of Section 34, was there a Section 34 notice? There wasn't, but you see where I'm going. There are a whole host of issues that might be owed on the contract. And even in this case, you could argue, well, if the arbitrator gives some value for the lay, that is part of the award. There's an argument whether mechanics lien, if the lay claim is lienable because it's not improving the property. So that is maybe the closest analogy I can come up with, why just deciding the amount doesn't mean it's a lien. So maybe the most critical question, particularly on appeal, is where does that divide work? If you take what the circuit court said, well, if it arises out of it, it's got to go on arbitration. If you take that to the logical conclusion, that means every single mechanics lien, if it arises on arbitration, has to all go to arbitration. How do you divide between determining the contractual amount and then the foreclosure? The foreclosure arises out of the contract. If you have a contract, there would be no foreclosure. So does that mean foreclosure has to go to arbitration and not to get too in the weeds? But Section 11 says in a mechanics lien, you've got to sue all interested parties, which means if there's a mortgage, you've got to sue the mortgagee, even if they technically aren't involved. You have to sue them, make them a party. Does that mean they get dragged into arbitration? And if they don't, how do you adjudicate the lien when you have the arbitration deciding the amount, but the lien itself needs to be decided by the circuit court? And maybe this is a perfect example. If you go one step further and you get to Section 16, it talks about the unfortunate situation where the value of the property may not be enough to pay it going off. Let's say there's a foreclosure. You've got to go on priorities. Exactly. I did this. I was going to call off mortgage foreclosures. I understand. You know, so my point is Section 16 talks about, in the Cypress Supreme Court case, talks about how you order those priorities, but if there wasn't enough value, does that mean the mortgagee who could be in priority, they're left out in the weeds because they're not in the arbitration? How can you force a mortgagee to go to arbitration if they don't have an agreement with the owner? So the only practical reason, or excuse me, the only practical way to do this is the way we posit that arbitration is great for determining the value, the actual dollars and cents, 100%. But once that happens, then we have to go through the circuit court and determine whether, not the contract, but the mechanics lien itself is valid. And that, under Section 9 and under O'Brien, says you've got to do that in the circuit court. And maybe if I flip it on its head, if a claimant can get an award and then enforce a mechanics lien and say, oh, I complied. It's lienable. I gave my notice. I properly filed my lien. I did it within the time period. If the plaintiff can do all that in circuit court after it gets the dollars, it would make no sense that an owner can't challenge the same statutory validity in circuit court that a plaintiff can challenge or a claimant can challenge. That would make no sense because we're not forcing plaintiffs to prove in an arbitration that they properly filed a mechanics lien on the property, they properly disclosed the PIN number, and they properly disclosed their last day of work. There's no case that I could find that said, well, if there's an arbitration provision, the claim has to go to arbitration. But those examples that you just gave are very different than the example of or the case here where you're challenging the amount or saying that the number of that lien, the number on the change orders is incorrect or false. We're not saying it's incorrect. We're saying it's false based on our own assessment. So it's false. That's a different thing, though. It's not because we don't know what the numbers are because we don't have the arbitration. What the general contractor said in their sworn statement, that might be 100% correct. It would seem implausible when they're saying electrical contract 300 when you look at the actual electrical contract and it says 200. That would seem pretty hard to get around. The same thing with change orders. If they say, well, electrical contractor had 10,000 in change orders and subcontract themselves. No, we had 50. Or we had zero. So those are the issues that we're pointing out in the declaratory action. We're not determining. I think the declaratory action was pretty clear. We're not determining amounts. We don't care. At this stage, we do not care about the amounts. All we're saying is, sworn statement under Section 5, you've got to tell the truth. And we demonstrated on the complaint, again, we're 2619. So what we say is true, that the subcontractors, what their own paper says doesn't match what the sworn statement says. At the end of the day, who knows what is actually unruly in terms of the amounts. Maybe there's, and I'm not bringing up specifics from the arbitration, but maybe the subcontractor is stuck with a bunch of back charges that they don't know about. So what comes out on the watch, that's for arbitration. What we're saying is you've got to be truthful in the sworn statement. And the third point, or the third issue we pointed out in our declaratory action is the sworn statement said we did $750,000 worth of partition work. When it was clear, and we pointed this out in the brief, and in our complaint, that they didn't do the work. Somebody else did. We hired them.  So, again, you've got to be truthful. Could there be a question? I doubt it, but the point is we made a point in our declaratory action complaint that we are not deciding amounts. We fully admit that's for the arbitrator. But the way that, if the lien amounts, excuse me, if the lien validity has to go to arbitration, where do we draw the line? That's the problem we have, and the problem the justices have. Where do we draw the line? Does that mean that if the, I indicated earlier, the description is wrong, does that mean it has to go to arbitration? I'm not saying it's wrong here. I'm just using it as a hypothetical. So that's a question of where the line is drawn. Our argument, the line is drawn really easy. Contractual amounts, arbitration. Statutory lien issues have to be decided by the Supreme Court, and we can challenge them in the matter of a declaratory judgment action. One final question, because I know your time is running out. My light didn't come on. It looks like. We don't use the lights. That's what I'm saying. I'm a little shocked here when I see the light comes on a little bit. I understand when I saw the light. So you're basically suggesting a two- or multiple-step process where these issues, the validity of the lien is resolved in the circuit court, and the other issues are sent to arbitration? Is that what we're, you know, is that what you're suggesting should be done in cases such as this? Because we began with the proposition that you guys negotiated the contract and said everything goes to arbitration. I'm going to push back just a little bit on that point, Your Honor, because of the following fact. The arbitration clause, which is the standard arbitration clause in construction. It's out of the AIA documents, so this isn't sui generis, arising out of or relating to the contract. Okay. But, and the case law is pretty clear on this, the Mechanics Lien Act is written into, even if it doesn't say it, it's written into every single contract, which means Section 9 is written into the contract. And my point is, how do you, if you are a court, how do you harmonize that, knowing that Section 9 says, Enforcement, statutory validity, you've got to go to circuit court. That's in the contract. Contract also says arising out of or relating to the contract. How do you harmonize that so it makes sense? And the only way you can do it is what we posit is value, arbitration, sure. Statutory issues? No, because that would be, that would run headlong into Section 9 and to go one step further. The O'Brien case that I cited was pretty clear that in terms of enforcement, you've got to go to circuit court. And I make this point in my reply brief, but I think I'll just raise it here just to be absolutely clear. The owner is not enforcing the Mechanics Lien Act. I don't think anyone thinks that. And my point is, the statute says enforcement of a lien, but the problem is, what is enforcement? And we cite the Tefco case that basically says this. You have to prove all this. It's strictly construed in the claim it has to prove the statutory elements, all the ones we've been talking about and have discussed today. So if the owner is filing the declaratory action, then that is exactly what harmonizes Section 9 with the contract and O'Brien. Otherwise, you run into a problem where where's the line drawn? So the answer is yes, basically? Yes. The answer is yes, sir. Okay. There are no questions. I think that's the end of my presentation. I'll just reserve a few minutes. Well, you're right on time. Perfect. Okay. Thank you very much. Mr. Teplinski, whenever you're ready. My name is Howard Teplinski, and I represent the Appalachian Reconstruction. And for purpose of the argument and our briefs, we've sort of shortened that to ACG, standing for All Construction Group. We've been living with that term for a long time, and that's what I'm used to. So I ask for the Court's indulgence. May it please the Court. Mr. Penrose kept asking, where do we draw the line? Well, this is simple because they've drawn the line for us. Their complaint says, and their briefs and appeals say, that in order to determine whether or not a lien is valid, false, fraudulent, you have to do certain factual analysis. For example, the concept that ACG procured contracts that exceeded the GMP. That was the hallmark issue in the arbitration, the nine-day arbitration that completed about a month ago. The parties are still briefing. There's been no decision. They set forth in their complaint all of the things that need to be determined regarding whether or not the lien is valid. What we say is, you may be right about that. That's going to be determined by the arbitrator because the arbitration goes first. This whole lien validity versus lien enforcement is really a red herring. First of all, by the way, Section 9 says fraudulent. It doesn't say untruthful. It says fraudulent. And it's a red herring, though, because just like an arbitrator is going to establish how much the contract price is, and then they'll take that to the mechanics lien court, and that will be the value of the claim, the same thing can happen here. An arbitrator can determine all of the issues that they say are factual. How is that possible? Mr. Penrose suggests that there are parties that are not parties to the arbitration that would be necessary to be able to determine validity of the lien. So isn't that a practical problem for submitting these issues to arbitration, that you would be, by definition, you're going to have to determine rights of parties that aren't technically before the arbitrator? Well, so what is not submitted to arbitration, Your Honor, is the enforcement of the lien. We agree that that's the role of the circuit court. The statute says that. But the way that it works is that these other issues that lead to the conclusion that the lien was enforceable or not enforceable are determined by the arbitration, and that's all we were saying. The parties are arbitrating. Judge, you have to compel arbitration of these claims, because these claims are absolutely dependent on all of the issues that the parties spent nine days and months arbitrating. So, Mr. Duplinski, then what are you defining enforcement of the lien as? What's the court going to do? A mechanics lien court is going to determine whether or not, I suppose, the statutory requirements were adhered to. The validity of the lien. Enforce the lien. It could go to the validity, certainly. I suppose if the lien is not valid, the court's not going to enforce it. But the court, if there's an arbitration, the court does not have to get to the issues of the amount, of whether or not all of the things that they say are untruthful here actually are truthful, because the arbitrator will have gone ahead and decided that. And there is no per se test as to whether or not a lien is fraudulent. That is the requirement of Section 9. The cases say that. The Huckman case, for example, there's no litmus test. You have to determine whether something is fraudulent. The cases go back and forth and talk about constructive fraud. And one court here says, well, the amount was overstated by this amount, therefore it's not constructive fraud. This court says the amount was overstated by this amount, there was constructive fraud. All we're saying is that those underlying factual determinations, that is how much my client is entitled to receive, are to be decided by the arbitrator. That's what the parties agreed to. It matters not whether or not those findings are later taken to the mechanics lien court. All of the reasons they say to invalidate the lien are all issues that were before Judge Curcio in the arbitration. All of them. And all that we are saying and all that we've been saying is, let Judge Curcio do her thing. She gets the first crack at determining these issues. Judge, if you believe that you are the only person here that can enforce the lien or determine its validity, well, here are the findings. Perhaps this will help you. Judge Loftus said, how am I supposed to determine whether or not a lien is fraudulent without first knowing whether or not they're entitled to the amounts they're claiming? Which was the first thing that struck me when we received their complaint for declaratory judgment. It just is counterintuitive. You cannot ask a judge to go ahead and determine the validity of the lien when it's based on fraud. When there's an underlying arbitration determining whether or not ACG is entitled to the amounts that it is claiming. Every single one of the three main issues that they argue about was litigated extensively in the arbitration. It's not as simple as, well, the Section 5 sworn contractor statement does not match up with the contracts. It is not that simple. The evidence of the trial was, well, without getting too much into it, here's why. Here's why. And we believe that it's excusable and explainable and perfectly logical, and Judge Curcio is going to render that opinion, I believe, we hope. Your friend on the inside cited in his brief some cases from other states that take a different approach. Do you have a sense of how, I'm not asking for a 50-state survey, but what's the legal landscape? This is a question of first impression in Illinois. If you were to look at other states, all of the states, what does it look like? Obviously, Mr. Penrose identified some cases. Do you have a sense of that? Well, I'm, first of all, assuming that the only states that may have decided in their favor were New York, Colorado, and Maryland, since those are the only three jurisdictions they point out. And it is a case of first impression in Illinois. But again, Your Honor, I think it might be a distinction without a difference, because the role of our arbitrator is to determine the factual issues that go into the analysis that they claim constitutes fraud or constructive fraud. And that's the point that we've been trying to make. Judge Loftus understood it. She said my role is not to determine that the liens are fraudulent without having, how am I supposed to do that without getting into the amounts owed or why they're owed or whether or not the pay applications are correct or the reasons why they're not correct. Those are all things that Judge Curcio is deciding. But to the extent that there were other issues that caused a party to challenge the mechanics whether or not it complied with other statutory requirements, that would be something that the circuit court has the power to hear without even approaching the issue of the dollar amount. To determine whether or not the issue was this document, this mechanics, whether it was properly signed, whether the notice was given, those basic core tenets, you would need to go to arbitration for that. That's where the fuzzy line is, I suppose, Your Honor. And the reason is because what they're claiming in this case is the fraud, and that's why it's not valid. And what we're saying is you can't answer any of those questions. The arbitrator is going to do that. The court could do that. The court has hearings every day to determine validity of documents and whether or not some person is theoretically being truthful or perpetrating a fraud upon the court, whatever. I mean, that's what the courts do. Right. Do hearings and get evidence and make you guys spend a lot of time. I'm not suggesting that the court doesn't have that power or that authority. So the issue then is whether or not the work was done is something that should be done, that should go to the arbitrator. And that's why I go to, are we talking about creating, are you asking us a, we're first impression. This is a matter of first impression. So are we supposed to, are you asking this court to create a process by which one part goes into the circuit court, the other part goes into arbitration and, you know, what is the. No. We want everything to go to arbitration and the enforcement will go back to the circuit court. I'm not suggesting that everything go to arbitration either. I'm suggesting that the issues that the parties agree to arbitrate, the resolution of which will go to the issue of the validity of the enforceability of the lien needs to go to arbitration first. Period. They have to, first of all, arbitration is obviously favored. This is the fourth venue that the parties are in right now dealing with it. Certainly judicial economy plays a role in this. And with respect to Justice Mitchell, your question about the missing parties, well, they're not missing everywhere. They're actually in the circuit court of Cook County where all of these mechanics liens are pending, which is exactly where if they've got an argument regarding validity or enforceability, they should be litigating it in any event. But, again, what I'm saying is that the factual determinations. That should go to arbitration. Because the parties agree to that, because it relates to and it arises out of the contract. The contract talks about pay applications. The contract talks about sworn statements. All of that is in the contract. There's really no, there can't be any dispute that those all arise out of or relate to the contract. And, again, I think Judge Loftus had it correct when she said how can I determine that there was fraud here, that there was, if they want to say, untruthfulness or impropriety without knowing exactly what happened. And that is all before Judge Curcio, because Judge Curcio is hearing everything arising out of or relating to the contract. All right, ACG, are you entitled to the money? ACG, were your sworn statements improper? ACG, you know, why are they claiming that you put in a pay application for work that you didn't do? Well, we answered that question in the arbitration, which is exactly where those sorts of questions should be answered. If Your Honors have any other questions, I think I'm prepared to sit down. Thank you very much. Judge Nixon will serve.  Okay, Mr. Penrose, five minutes. Thank you. Just a few points, Your Honors. I think both parties, the points that nub the issue is where do you draw the line? And I think, not wanting to push back too much, but I cited the Sorg case again from 1908. In that case, again, another Illinois Supreme Court case, where it gave maybe not a directly on point resolution, but certainly gave a strong hint of what it said at the time. And it said, but if a lien had existed, it would not have been affected by such an award, except in reference to the amount that could have been collected by its enforcement. So if you take that as a statement, the only way you can draw the line is exactly what Sorg says. Dollars of sense, yes. Statutory issues, no. And I point out my colleague kind of wanted to look at it at 30,000 feet. We specialize in that. That's what we're doing. That's where we operate. But in this case, you have to go deeper than that because the complaint, all it said was, the sworn statement said, and I used this before and I'll bring it up again because I think it's very important, electrical subcontractor contracts was 300 grand. But when you look at the contract, it doesn't say 300 grand. It says 200 grand or 250. That is the point that when you file a sworn statement under a mechanics lien act, you've got to be telling the truth. And how is that a quest? And again, we're in 2619, so the complaint is true. So if that is true and that is the beginning point, how is that subject to arbitration? There's nothing to arbitrate. Sworn statement says 300. You look at the contract itself, it says 200. There's no factual determination there. It's just look at this, look at this. What was owed? Who knows? And that, I fully admit, goes to arbitration. But that was the point of what we were saying is the sworn statement's got to tell the truth. And just if you look at those numbers, not even how much is owed, which is to the contract, just if you look at those numbers, how much is owed, the arbitration's not going to decide that other than just look at sworn statement says three, contract says two. Even if they don't jive, okay, so what? My point is when you go to file a mechanics lien, when you put a debt on property, you've got to follow the rules. And that sworn statement, which is required, did not follow the rules. That is the critical issue where circuit court decides that issue, arbitration decides dollars and cents. And I think I'll point out that the other issue is if my colleague is correct, where's the line drawn? Does that mean that if you blow the four months to get priority, does an arbitrator decide that or does the circuit court decide that? If, let's say he sent a Section 34 notice, and again, it's not referenced in the brief, but another consented notice that says, hey, sue us within 30 days or your lien falls away. If that was sent and was not complied with, does that go to arbitration? Where's that dividing line? And I'll bring up the point I raised in my initial argument. What about the mortgagee? If they have lien rights, how do you decide where they stand? Under Section 16, there's a priority scheme, and under Section 32, there's a priority scheme. How is that determined if there's something that has to go to arbitration? The only dividing line that makes any sense when you look at the parties, the interests, and how you deal with it is what we posit is dollars and cents, arbitration. The statutory realm, that's got to be with the circuit court. Maybe just focus on something Justice Mitchell indicated with the subs, subcontractors. We're not even talking about those. There's like 27 of them sitting in circuit court right now. That is a different issue. The only issue is what did the general contractor, ACG, do here. So there could be that all the subcontractors could have withheld their rights. That's not an arbitration at all, but that's a separate lawsuit. In fact, when we filed our declaratory action, we filed it separately so that would not get confused with the subs because that's a different issue. So those are the two main issues that the court will have to grapple with. Where is this lying? It can't be where the circuit court said anything that's a really new contract goes to arbitration because then by logical extension, that means we're litigating a foreclosure in arbitration. So that can't be. So where does the divide line go? And in my second point I made in my brief, I think the out is or the reasoning was explained by the Arizona, the Dussault case. I cited that at page 28 where they said, the better reason cases start with the premise that in order for a dispute to be characterized as arising out of or relating to the subject matter and thus subject to arbitration, it must at the very least raise some issue, the resolution of which requires a reference to or construction of some portion of the contract itself. And that really enforces my argument that I'm not interpreting the contract. I'm saying sworn statement, whatever it is, it's got to tell the truth and it's got to line up with the other documents. There's no contract construction involved at all with that, which is my point where the dividing line makes sense. Where we put it, and maybe just to follow up kind of in conclusion, that same Arizona case on page 28 of my brief, it's a block quote and it cites an 11th Circuit, Federal 11th Circuit case where I think this maybe goes to the heart of the issue, where it says the relationship between the dispute and the contract is not satisfied simply because the dispute would not have arisen absent the existence of a contract. So I think when you put those all together, my dividing line makes sense. It respects contract construction. Section 9 is in there with arising out of and relating to the contract. And where's the contract interpretation? Where's the nuts and bolts of that, of what we allege that should be going to arbitration? I think we went out of our way to say there is no contract construction. All we're doing is looking at something that's sworn per Section 5 of the Act and the subcontractor agreements. That's how it works. So when you put that all together, I think the dividing line has to be that the case needs to be reversed for any of the three reasons we put forth, and that dividing line is really dollars and cents arbitration for sure. Statutory elements, by their own accord, they have to be decided by the circuit court, pursuant to Section 9, which goes into the contract, whether it's mentioned or not according to the case law. So unless there are any more further questions, I think my time's up. So thank you very much. Thank you. Okay, that'll be taken under advisement for study and opinion. I want to thank our counsel for excellent arguments this morning. You've given us a lot to think about, and the briefing was superb, as you would expect with these fine lawyers. And so we thank you for that, and I anticipate we'll have a decision coming out at some point in the relatively near future. Thanks much. Thank you. All right.